**UNITED STATES of America, Appellee,**

v.

**Michael L. HUGHES, Appellant.**

**No. 93–1947.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1994.

Decided Feb. 17, 1994.

Rehearing and Suggestion for Rehearing En Banc April 20, 1994.

Counsel who presented argument of behalf of the appellant was Brainerd W. LaTourette of St. Louis, Missouri. Virginia G. Rice of St. Louis, Missouri, appeared on the brief.

Counsel who presented argument on behalf of the appellee was David P. Rush, Assistant United States Attorney, of Springfield, Missouri. Richard E. Monroe, Assistant United States Attorney, of Springfield, Missouri, appeared on the brief.

Before WOLLMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

Michael Hughes pled guilty pursuant to a plea agreement to one count of using a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court[1] dismissed one count of conspiracy to distribute cocaine upon the government's motion and sentenced Hughes to the statutorily mandated five years' imprisonment on the firearm count. Hughes appeals his conviction and sentence, claiming that he was convicted on an invalid guilty plea and sentenced without assistance of counsel. We affirm the conviction and the sentence.

Hughes challenges the validity of his guilty plea on the grounds that the court failed to fully explain the nature of the charge against him and failed to establish a factual basis for the plea. *See* Fed.R.Crim.P. 11(c)(1), (f). Upon careful review of the record, we hold that the minimum requirements of Rule 11 were satisfied. *See United States v. Cody,* 438 F.2d 287, 288–89 (8th Cir.1971) (trial court must inquire directly of defendant as to his understanding of nature of charge against him; court must satisfy itself that plea of guilty had basis in fact through methods such as inquiring of defendant, inquiring

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

of prosecutor, and examining presentence report).

At his change of plea hearing, Hughes acknowledged that he had completed one year of college, he had been able to communicate satisfactorily with his attorney, he had consulted with his attorney regarding the charge against him, and he understood the charge. The following exchange then took place:

THE COURT: Now, very briefly, Count 2 charges that on or about August 21, 1992 in Jasper County, you willfully used or carried or had available a firearm in connection with drug trafficking.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Well, on or about that date, did you have readily available—as I understand it under the plea agreement that there was a loaded revolver within inches of where you were sleeping; is that correct?

THE DEFENDANT: That's what I've been told.

THE COURT: I'm asking you if that's correct.

THE DEFENDANT: Yes.

THE COURT: There's some indication that there were other weapons in the bedroom; is that correct?

THE DEFENDANT: Yes.

THE COURT: Anything further?

[ASSISTANT UNITED STATES ATTORNEY]: In light of the statements in the plea agreement, no, Your Honor.

In the plea agreement referred to by the court, Hughes stipulated to the following additional facts describing the offense: officers obtained and executed a search warrant and a warrant for his arrest on August 21, 1992; they found him in bed with a loaded Smith and Wesson on the night stand; and the loaded pistol was readily available to assist in protecting drug proceeds (also found on the nightstand) in order to promote part of his drug trafficking business.

■ Hughes also argues that the district court · abused its discretion in refusing to allow him to withdraw his guilty plea at his sentencing hearing. The district court may permit withdrawal of a guilty plea before sentencing "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). Hughes asserts that his plea was involuntary due to counsel's ineffectiveness in failing to fully and fairly investigate the case before advising him to plead guilty. His testimony at the change of plea hearing, however, directly contradicts this assertion. Hughes testified that counsel had not failed or refused to do anything he had asked him to do and that he was completely satisfied with the manner in which counsel represented him. Hughes's failure to assert any objections to counsel's performance at his change of plea hearing "refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea." *United States v. Abdullah*, 947 F.2d 306, 312 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992).

■ In addition, the district court did not abuse its discretion when it denied Hughes's request to withdraw his plea without conducting an evidentiary hearing. The court "need not hold an evidentiary hearing if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *United States v. Thompson*, 906 F.2d 1292, 1299 (8th Cir.), *cert. denied*, 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990). In light of Hughes's testimony at the change of plea hearing, his allegation of ineffective assistance was inherently unreliable.

■ Finally, Hughes argues that his Sixth Amendment right to counsel was violated because he constructively lacked counsel at his sentencing hearing. He asserts that his case is analogous to *United States v. Mateo*, 950 F.2d 44 (1st Cir.1991). In *Mateo*, the defendant stated at the beginning of his sentencing hearing that he no longer wanted his appointed counsel representing him, and counsel requested permission to withdraw. The court did not act on counsel's request and proceeded with sentencing. Counsel remained in the courtroom but offered no substantive statement on any sentencing issue. The court never addressed counsel, counsel's advice or assistance was never provided or

**952**

requested, and Mateo repeatedly complained that he was being sentenced without an attorney. The court imposed a forty-one month prison term, the maximum permitted within the guideline sentencing range. *Id.* at 48–50. On appeal, the First Circuit vacated the sentence and remanded the case for resentencing. It held that, although the district court took no formal action on counsel's request to withdraw and counsel remained in the courtroom, "the 'reality of [Mateo's] self-representation' was unmistakable." *Id.* at 49.

The present case differs from *Mateo* in several significant respects. Hughes never stated that he wished to retain other counsel or have other counsel appointed for him, and he did not protest that he was being sentenced without an attorney. Further, counsel did not ask to withdraw until after the imposition of sentence. Hughes's argument seems to be based in large part on counsel's nominal participation at sentencing. Because the charge against Hughes carried a mandatory five-year sentence, however, counsel understandably played a minor role. Objections to the presentence report or arguments for a lesser sentence would have served no purpose under the circumstances.

We express our appreciation for the zealous efforts of appointed counsel on Hughes' behalf.

The conviction and sentence are affirmed.