UNITED STATES of America, Plaintiff,

v.

**Marsha S. ALLEN; Kenneth L. Moore; Marvin Van Voorst; Robert W. Blauwet and Loren E. Visser, Defendants.**

No. CR 94–4030–MWB.

United States District Court, N.D. Iowa, Western Division.

Oct. 8, 1997.

---

Robert L. Sikma, Souix City, IA, for Defendant Allen.

Randy S. Hisey, South Souix City, NE, for Defendant Moore.

Kevin C. Fletcher, Special Asst. U.S. Atty., Souix City, IA, Janet L. Papenthien, Asst. U.S. Atty., Souix City, IA, for Plaintiff.

## ORDER REGARDING MOTIONS TO WITHDRAW GUILTY PLEAS

BENNETT, District Judge.

## TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND ................................... 566

II. FINDINGS OF FACTS ............................................ 568

III. LEGAL ANALYSIS ............................................. 570
 A. Withdrawal of Guilty Plea ........................................ 570
 1. Applicable standards and burdens .................................. 570
 2. The "Boone" factors. ........................................ 571
 3. Specific grounds for withdrawal of pleas ........................... 573
 a. Withdrawal based on severity of penalty imposed .................. 573
 b. Non-compliance with plea agreements .......................... 574
 c. "Ineffective assistance of counsel" ............................ 575
 d. Incompetence or involuntariness of the original plea ............... 576
 e. Innocence ............................................... 576
 B. Effect Of Deferral Of Acceptance Of Guilty Plea ...................... 577
 C. Withdrawal Of Defendant Allen's Plea In This Case ................... 579

IV. CONCLUSION ................................................ 581

The defendant in this criminal case asks the court to take the rare step of disregarding her "solemn act" of pleading guilty in proceedings pursuant to Federal Rule of Criminal Procedure 11, and to allow her to withdraw her guilty plea pursuant to Federal Rule of Criminal Procedure 32(e). Her sole basis for withdrawing her plea of guilty is her claim that her plea was not knowing and voluntary. She claims she was suffering from the effects of Prozac, allegedly taken pursuant to a valid prescription for depression, facts she failed to disclose on the record during extensive plea proceedings. Recognizing that a defendant has no automatic right to withdraw her plea, the court must examine the standards applicable to a motion to withdraw a guilty plea under Federal Rule of Criminal Procedure 32(e), and determine whether the defendant has stated "fair and just reason" to withdraw her guilty plea in this case.

## I. INTRODUCTION AND BACKGROUND

In a three count superseding indictment returned on February 7, 1995, defendants Kenneth L. Moore, Marsha S. Allen, Marvin Van Voorst, Robert W. Blauwet, and Loren E. Visser are charged with conspiring to distribute methamphetamine, in violation of 18 U.S.C. § 846. Defendants Allen, Moore and Van Worst are also charged with conspiring to launder the proceeds of an unlawful activity, the distribution of methamphetamine, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).[1]

Trial in this case was set to commence on April 28, 1997. On April 28, 1997, change of plea hearings were held for defendants Allen and Moore. At her change of plea hearing, defendant Allen was represented by her counsel, Robert L. Sikma. Defendant Moore was represented by counsel Randy S. Hisey at his change of plea hearing. At their respective change of plea hearings, defendants Allen and Moore both withdrew their not guilty pleas in this case and entered pleas of guilty. The court deferred acceptance of the guilty pleas until the time of sentencing.

During defendant Allen's change of plea hearing, the court inquired whether she was taking any medications. The following colloquy between the court and defendant Allen,

---

**1.** Defendant Blauwet was also charged with making a building available for the storing, distribution, or using of methamphetamine, in violation of 21 U.S.C. § 856(a)(2).

regarding defendant Allen's use of medications, occurred:

THE COURT: Okay. Tell me about the medication you're taking.

DEFENDANT: It's for anxiety.

THE COURT: Are you a little anxious? More than a little?

DEFENDANT: A little.

THE COURT: Yeah, I can understand that. What's the name of the drug? Do you recall?

DEFENDANT: You can read it to him.

THE COURT: Mr. Sikma might examine the label and indicate what it is.

MR. SIKMA: Clorazepate, 7.5 milligrams, Your Honor.

THE COURT: And are you taking that on a daily basis?

DEFENDANT: Yes.

THE COURT: And how long have you been taking that medication?

DEFENDANT: Since 4–9.

THE COURT: Since April 9 of this year.

DEFENDANT: Yes.

THE COURT: Just a couple weeks ago.

DEFENDANT: Yes.

THE COURT: Is there anything about that medication that affects your ability to understand these proceedings this afternoon?

DEFENDANT: No, sir.

THE COURT: Are you taking any other type of medication?

DEFENDANT: No, sir.

THE COURT: Any other medications other than what you just indicated for anxiety?

DEFENDANT: No, sir.

Hearing Tr. at 3–5. The court then twice made inquiries as to whether defendant Allen was under treatment for any type of mental condition other than anxiety. Defendant Allen responded both times, "No, sir." Hearing Tr. at 5.

The court then made some inquiries into the state of defendant Allen's health. In response to a question from the court as to whether she was receiving any treatment from her family physician, other than the Clorazepate for her anxiety, defendant Allen responded, "No, sir." Hearing Tr. at 6. The court specifically inquired whether defendant Allen understood "that you have the right at any time until we finish this proceeding to change your mind and say, No, I want to go to trial tomorrow morning at nine o'clock?" Hearing Tr. at 16. Defendant Allen responded, "Yes, I do." Hearing Tr. at 16. The court then inquired whether defendant Allen understood that "by pleading guilty this afternoon you give up forever the right to have a jury trial?" Hearing Tr. at 16. Defendant Allen again responded, "Yes, I do." Hearing Tr. at 17.

The court also asked defendant Allen if she understood the finality of her decision to plead guilty:

THE COURT: Do you understand that by pleading guilty this afternoon, if you change your mind a month from now, a year from now, five years from now, you're just never going to have the opportunity to have a jury determine your innocence or guilt? Do you understand that?

DEFENDANT: Yes, I do.

Hearing Tr. at 17.

After discussing with defendant each of the rights she was waiving by not going to trial, the court then again sought to inquire whether defendant Allen understood the finality of her decision to plead guilty:

THE COURT: Do you understand if you change your mind tomorrow morning or next week or next month or next year or five years from now or 20 years from now, in all likelihood you will never, ever, you will never, ever have a chance to have a jury of 12 citizens determine whether you're innocent or guilty? Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: It's as irrevocable decision – in other words, once you make that decision today, I'm not saying it's impossible to ever get a right to trial by jury because there is a rule that allows you to try and set aside your guilty plea. But it's next – it's very difficult to do. Do you understand that?

DEFENDANT: (Defendant nodded head.)

THE COURT: You have to answer yes or no.

DEFENDANT: Yes, sir.

THE COURT: And so you better – if I take this plea today, you know, the odds are you will never have a jury trial. Do you understand that?

DEFENDANT: Yes, sir.

Hearing Tr. at 21–22.

On September 17, 1997, defendant Allen filed a motion to withdraw her guilty plea. Defendant Allen alleges in her motion that at the time of her change of plea hearing she was under the influence of the prescription medication Prozac, which had been prescribed to her by a physician to treat "severe depression" she was then experiencing. She further alleges that as a result of that medication she was unable to think rationally. Defendant Allen thus asserts that, as a result

of the Prozac she was taking, her decision to plead guilty was not made knowingly and voluntarily. On September 25, 1997, defendant Moore filed a motion to withdraw his guilty plea. As grounds for his motion, he asserts the same grounds raised by defendant Allen in her motion to withdraw her guilty plea. He further asserts that the only reason he entered a plea of guilty on April 28, 1997, "was because co-defendant Marsha Allen entered a guilty plea on that same date." Def. Moore's Motion To Withdraw at 1. The Government has filed resistances to defendant Moore and defendant Allen's respective motions.

An evidentiary hearing on defendants' motions was held on October 1, 1997, at which defendant Allen presented the testimony of herself, her sons Dominick Feole and Dennis Feole, and her daughter-in-law Jennifer Feole. The United States presented no evidence. The United States was represented by Special Assistant United States Attorney Kevin C. Fletcher and Assistant United States Attorney Janet L. Papenthien. Defendant Allen was represented by Robert L. Sikma, Sioux City, Iowa. Defendant Moore was represented by Randy S. Hisey, South Sioux City, Nebraska. At the time of the hearing defendant Moore orally withdrew his motion to withdraw his guilty plea.

## II. FINDINGS OF FACT

At the hearing on her motion to withdraw her guilty plea, defendant Allen testified that she was taking both Clorazepate and Prozac at the time of her change of plea hearing and that as a result of her taking the Prozac she was unable to think rationally at the change of plea hearing. She further testified that she continued to take the Prozac until the end of August, when she was convinced by her children to stop taking the medication because of the deleterious effects the Prozac was having on her. Defendant Allen's sons, Dominick Feole and Dennis Feole, and daughter-in-law, Jennifer Feole, all testified that defendant Allen was not acting rationally while on the Prozac.

At the evidentiary hearing, however, defendant Allen offered no physical evidence of

a prescription for Prozac until after being questioned by the court regarding the existence of such a prescription. Even then, she only offered a prescription bottle for Prozac which did not contain a date. The location on the prescription bottle where a date may have existed had apparently been torn from the prescription bottle label. Then, again at the court's prompting, the parties contacted the issuing pharmacy in Arkansas in order to learn when the prescription was issued. It was learned from the issuing pharmacy that on April 9, 1997, Dr. Robert McCollum prescribed the anti-anxiety drug Clorazepate to defendant Allen. Allen received a second prescription for Clorazepate on May 1, 1997. On May 1, 1997, Dr. McCollum also prescribed the anti-depressant medication .Prozac to defendant Allen. It was only after these events had transpired that Allen indicated to the court, through her counsel, that she had in her actual possession copies of her prescriptions. Her counsel indicated to the court that these prescription copies showed that Allen received her Prozac prescription on May 1, 1997, some three days after her change of plea hearing.

The court rejects defendant Allen's testimony, given at the hearing on her motion to withdraw her guilty plea, that she was taking both Clorazepate and Prozac at the time of her change of plea hearing. In assessing the credibility of the testimony of defendant Allen, Dominick Feole, Jennifer Feole, and Dennis Feole at the evidentiary hearing, the court has considered the following seven factors: (1) the interest of the witness in the result of the hearing; (2) the witness's relation to any party in. interest; (3) the witness's demeanor or manner while testifying; (4) the witness's tendency to speak truthfully or falsely, including the probability or improbability of the testimony given; (5) the witness's situation to see and observe; (6) the witness's apparent capacity and willingness to tell truthfully and accurately what he or she saw and observed; and (7) whether the witness's testimony is supported or contradicted by other evidence in the case. *See . United States v. Phillips*, 522 F.2d 388, 391 (8th Cir.1975); *see also United States v. Merrival*, 600 F.2d 717, 719 (8th Cir.1979); *Clark v. United States*, 391 F.2d 57, 60 (8th Cir.), *cert. denied*, 393 U.S. 873, 89 S.Ct. 165, 21 L.Ed.2d 143 (1968); Manual of Model Jury Instructions for the District Courts of the Eighth Circuit 3.03 (1995). While both defendant Allen and Dennis Feole testified that Allen was taking Prozac at the time of the change of plea hearing, the court has rejected that testimony. First, defendant Allen had an obvious interest in the outcome of the hearing. Defendant Allen's own testimony that she was taking Prozac at the time of the change of plea hearing is utterly contradicted by the fact that she received her prescription from Dr. McCollum on May 1, 1997, after the change of plea hearing. A fact that Allen may have attempted to conceal from the court by means obfuscation and the presentation of possibly perjurious testimony. Allen testified that she began taking Prozac only after obtaining a prescription for the drug. Since Dr. McCollum's prescription of May 1, 1997, is the only source of record for defendant Allen's Prozac, the logical syllogism is that defendant did not begin to take Prozac until after the change of plea hearing on April 28, 1997. The court further notes that at the April 28, 1997, change of plea hearing, in response to the court's specific questions about medications she was taking, Allen denied that she was taking any medications other than Clorazepate. Furthermore, the court has not found the testimony of Dennis Feole, Dominick Feole, and Jennifer Feole to be credible on this point. Dennis Feole, who aside from having a strong motive to assist his mother, was not living with her at the time she supposedly was taking Prozac nor did he accompany his mother to the change of plea hearing. Thus, he would have no actual knowledge of what medications Allen actually had taken at the time of the change of plea hearing. Similarly, neither Dominick Feole nor Jennifer Feole were living in Arkansas at the time of the change of plea hearing and had no actual knowledge of when defendant Allen began to take Prozac. They too have a strong motive to assist defendant Allen. Thus, the court concludes that although defendant Allen was taking the medication Clorazepate at the time of her change of plea hearing on April 28, 1997, she was not taking the medication Prozac at that time. She began taking Pro-

zac at some time after she was given a prescription for Prozac on May 1, 1997. She discontinued its use in late August.

## III. LEGAL ANALYSIS

### A. Withdrawal Of Guilty Plea

The Federal Rules of Criminal Procedure provide for withdrawal of guilty pleas as follows:

> **(e) Plea Withdrawal.** If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

FED. R. CRIM. P. 32(e).[2] The "fair and just" standard for pre-sentencing motions to withdraw pleas was incorporated into the rule in the 1983 amendment. FED. R.CRIM. P. 32, Advisory Committee Notes on the 1983 Amendments, Rule 32(d). The 1983 amendment of this provision had two purposes: (1) to distinguish this "liberal" standard for motions to withdraw pleas when made before sentencing from the more stringent "manifest injustice" or "miscarriage of justice" standard that had been applicable to post-sentencing motions to withdraw pleas; and (2) to clarify that the proper avenue for relief—post-sentencing is "other than a withdrawal motion under this rule." *Id.* Although the language of the rule was a liberalization of the standards for pre-sentencing motions to withdraw pleas, the Eighth Circuit Court of Appeals has repeatedly stated that "[i]t is well settled that a defendant does not have an absolute right to withdraw a guilty plea before sentencing." *United States v. Burney,* 75 F.3d 442, 444 (8th Cir.

1996); *accord United States v. Morales,* 120 F.3d 744, 747 (8th Cir.1997); *United States v. Prior,* 107 F.3d 654, 657 (8th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 84, —— L.Ed.2d —— (1997); *United States v. Newson,* 46 F.3d 730, 732 (8th Cir.1995); *United States v. Kelly,* 18 F.3d 612, 618 (8th Cir. 1994); *United States v. Capito,* 992 F.2d 218, 219 (8th Cir.1993); *United States v. Nichols,* 986 F.2d 1199, 1201 (8th Cir.1993); *United States v. Abdullah,* 947 F.2d 306, 311 (8th Cir.1991), *cert. denied,* 504 U.S. 921, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992); *United States v. Thompson,* 906 F.2d 1292, 1298 (8th Cir.), *cert. denied,* 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990); *United States v. Boone,* 869 F.2d 1089, 1091 (8th Cir.), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989).

### 1. Applicable standards and burdens

In order to withdraw a plea under the rule, a defendant bears the burden of establishing a "fair and just reason" for the withdrawal. FED. R. CRIM. P. 32(e); *Morales,* 120 F.3d at 747; *Prior,* 107 F.3d at 657; *Burney,* 75 F.3d at 444; *Newson,* 46 F.3d at 732; *United States v. McNeely,* 20 F.3d 886, 888 (8th Cir.), *cert. denied,* 513 U.S. 860, 115 S.Ct. 171, 130 L.Ed.2d 107 (1994); *United States v. Yell,* 18 F.3d 581, 582 (8th Cir.1994); *United States v. Kelly,* 18 F.3d 612, 618 (8th Cir. 1994); *Capito,* 992 F.2d at 219; *Nichols,* 986 F.2d at 1201; *United States v. Ludwig,* 972 F.2d 948, 950 (8th Cir.1992). Although the defendant bears the burden of establishing grounds for withdrawal of a plea, that does not mean that the district court is required to hold an evidentiary hearing on the defendant's motion to withdraw a plea. *United States v. Wojcik,* 60 F.3d 431, 433 (8th Cir. 1995); *United States v. Hughes,* 16 F.3d 949, 951 (8th Cir.), *cert. denied,* 513 U.S. 897, 115

---

**2.** The withdrawal of pleas provision of Federal Rule of Criminal Procedure 32(e) was formerly found in subdivision (d) of that rule. FED R. CRIM P. 32, Advisory Committee Notes on 1994 Amendments. The Advisory Committee commented that the provision remained the same, "except for minor stylistic changes." *Id.* The former version of the rule, absent the "minor stylistic changes," was as follows:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is

> imposed, the court may permit *withdrawal of the plea upon a showing by the defendant* of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by *motion under 28 U.S.C. § 2255.*

FED. R. CRIM. P. 32(d) (version prior to 1994 amendments). The present version of the withdrawal of pleas rule was one of the amendments approved on September 13, 1994. Pub.L. 103–322. Pub.L. 103–322, § 230101(b), 108 Stat. 2078. The present version became effective December 1, 1994. *Id.*

S.Ct. 252, 130 L.Ed.2d 173 (1994); *United States v. Jagim,* 978 F.2d 1032, 1037 (8th Cir.1992), *cert. denied sub nom. Ziebarth v. United States,* 508 U.S. 952, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993); *United States v. Morrison,* 967 F.2d 264, 268 (8th Cir.1992). A hearing may properly be denied where the allegations in the motion are inherently unreliable or are not supported by specific facts. *Hughes,* 16 F.3d at 951; *Jagim,* 978 F.2d at 1037; *Morrison,* 967 F.2d at 268; *Thompson,* 906 F.2d at 1299. A hearing may also be denied where the grounds or allegations, even if true, would not provide any legally sufficient basis for withdrawal of the plea. *Wojcik,* 60 F.3d at 433; *Hughes,* 16 F.3d at 951; *Jagim,* 978 F.2d at 1037; *Morrison,* 967 F.2d at 268; *Thompson,* 906 F.2d at 1299.

It is for the district court, in its sound discretion, to determine whether or not the defendant in a particular case has borne his or her burden to prove a "fair and just reason" for withdrawal of a guilty plea, and the district court's determination will be reversed only for an abuse of that discretion. *United States v. Jones,* 111 F.3d 597, 601 (8th Cir.1997); *United States v. Knight,* 96 F.3d 307, 308 (8th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1458, 137 L.Ed.2d 562 (1997); *United States v. Wicker,* 80 F.3d 263, 266 (8th Cir.1996); *Burney,* 75 F.3d at 444; *Newson,* 46 F.3d at 732; *McNeely,* 20 F.3d at 888; *Yell,* 18 F.3d at 582; *Kelly,* 18 F.3d at 619; *Nichols,* 986 F.2d at 1201; *Ludwig,* 972 F.2d at 950; *Morrison,* 967 F.2d at 268; *Abdullah,* 947 F.2d at 311; *Thompson,* 906 F.2d at 1298; *United States v. Dixon,* 784 F.2d 855, 856 (8th Cir.1986). Courts have therefore held that surprisingly few circumstances provide "fair and just reason" for withdrawal of a guilty plea.

The Eighth Circuit Court of Appeals has often said that " 'Rule 11 proceedings are not an exercise of futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom.' " *See, e.g., Newson,* 46 F.3d at 732 (quoting *Morrison,* 967 F.2d at 268); *Morrison,* 967 F.2d at 268; *Thompson,* 906 F.2d at 1298 (even though "fair and just reason" standard is a liberal one, plea is a solemn act not to be disregarded, quoting *United States v. Woos-*

*ley,* 440 F.2d 1280, 1281 (8th Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 53, 30 L.Ed.2d 108 (1971)). Consequently, when a defendant has entered a knowing and voluntary plea of guilty and has acknowledged committing the crime charged, " 'the occasion for setting aside a guilty plea should seldom arise.' " *Newson,* 46 F.3d at 732 (again quoting *Morrison,* 967 F.2d at 268, which in turn quotes *United States v. Rawlins,* 440 F.2d 1043, 1046 (8th Cir.1971)). Thus, as a general principle, whether a particular ground presents a "fair and just reason" for granting a Rule 32 motion to withdraw a plea is weighed in light of whether the record reveals that the defendant's plea was entered knowingly, voluntarily, and after adequate representation by counsel, and whether the asserted ground is adequately supported by the record, not merely by conclusory assertions. *See, e.g., Thompson,* 906 F.2d at 1299; *Boone,* 869 F.2d at 1092.

### 2. The "Boone" factors

Over half a decade ago the Eighth Circuit Court of Appeals enumerated the factors to be considered in determining whether to grant a motion to withdraw a plea. *See United States v. Boone,* 869 F.2d 1089, 1091–92 (8th Cir.), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989); *see also Wojcik,* 60 F.3d at 434 (citing *Boone* as enumerating the relevant factors); *Nichols,* 986 F.2d at 1201 (also citing *Boone* as identifying the matters to be considered by the trial court); *United States v. Johnson,* 977 F.2d 1297, 1299 (8th Cir.1992) (also citing *Boone* ), *cert. denied,* 507 U.S. 947, 113 S.Ct. 1357, 122 L.Ed.2d 737 (1993); *Abdullah,* 947 F.2d at 311 (also citing *Boone* ). In *Boone,* the Eighth Circuit Court of Appeals identified the following factors:

(1) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of a charge; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced.

*Boone,* 869 F.2d at 1091–92; *accord Morales,* 120 F.3d at 747; *Prior,* 107 F.3d at 657; *Nichols,* 986 F.2d at 1201; *Johnson,* 977 F.2d at 1299; *Abdullah,* 947 F.2d at 311.

In the *"Boone"* analysis, if the defendant fails to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining considerations. *Wicker,* 80 F.3d at 266; *Nichols,* 986 F.2d at 1201; *Abdullah,* 947 F.2d at 311. Thus, in *Boone,* the court found that the defendant had not asserted his legal innocence, and had waited two months before seeking to withdraw his guilty plea. *Boone,* 869 F.2d at 1092. Furthermore, the district court held that the defendant had not established a "fair and just reason" for withdrawing his plea, and therefore the district court did not reach the question of prejudice to the government. *Id.* The court "diligently" inquired about the validity of Boone's allegations of an involuntary plea and ineffective assistance of counsel, in light of the two month lapse between the plea and the motion to withdraw, reviewed the record of the plea hearing, which the court found directly contradicted Boone's assertions of involuntariness, and considered Boone's testimony at the change-of-plea hearing that he knew and understood the terms of the plea agreement and its consequences before concluding that Boone's plea had been voluntarily and intelligently made with adequate assistance of counsel. *Id.* As the discussion to follow demonstrates, this "diligent" inquiry and its scope have formed the model for determinations on motions to withdraw pleas for the Eighth Circuit Court of Appeals since the *Boone* decision was handed down.

The factor this court finds most curious in the *Boone* analysis, and the least well-defined by subsequent case law, is that of "prejudice" to the government as an impediment to withdrawal of a plea where the defendant has offered a "fair and just reason" for that relief from his or her guilty plea. However, as to the "prejudice" element of this inquiry, the Eighth Circuit Court of Appeals has said, "[T]he defendant's fair and just reason must always be balanced against prejudice to the government." *Morrison,* 967 F.2d at 269.[3] The *Morrison* court identified prejudice in the following circumstances:

> Morrison had waited until the eve of trial before pleading guilty, when it was obvious that [the victim] would carry through on her criminal complaint. The prosecutor's affidavit in opposition to the first motion to withdraw explained in great detail the trauma of preparing for trial for [the victim] and her family, and the difficulty of gathering witnesses for a trial of this sort [*i.e.,* attempted sexual abuse]. Withdrawal of the plea would obviously require the prosecution and its witnesses to endure this emotional process again. Whether we classify this as prejudice to the government, or prejudice to the complaining victim, it is real prejudice, caused by the timing of Morrison's guilty plea and subsequent attempts to withdraw. *Compare United States v. Bryant,* 640 F.2d [170,] 172 [ (8th Cir.1981) ].

*Morrison,* 967 F.2d at 269. In *Bryant,* the case referred to in *Morrison,* the court found prejudice to the government in requiring a fourth trial relating to the crime, after three trials by co-defendants, as a result of withdrawal of the plea, and noted that the government would have considerable difficulty with gathering reluctant witnesses for a fourth trial, particularly in light of the murder of one of the witnesses prior to the second trial. *United States v. Bryant,* 640 F.2d 170, 172–73 (8th Cir.1981). The court also found the defendant's asserted grounds for withdrawing his plea to be "a sham." *Id.* at 173. Thus, this court reads *Morrison* and *Bryant,* and consequently *Boone,* as requiring some "real prejudice" to the government beyond the necessity of taking a matter to trial, which merely requires the exercise of

---

3. The court in *Morrison* recognized that another court, the United States District Court for the Middle District of Pennsylvania, had held that even though the defendant in that case had presented a fair and just reason to withdraw a guilty plea, the death of a key prosecution witness was prejudice to the government requiring denial of a

Rule 32 motion to withdraw a guilty plea. *Morrison,* 967 F.2d at 269 n. 4 (citing *United States v. Nahodil,* 776 F.Supp. 991, 996 (M.D.Pa.1991), *aff'd,* 972 F.2d 1334 (3d Cir.) (Table), *cert. denied,* 506 U.S. 1026, 113 S.Ct. 672, 121 L.Ed.2d 595 (1992)).

the defendant's constitutional rights, instead of "pleading it out."

The court turns to consideration of the various grounds most frequently advanced for withdrawal of a guilty plea to give some further shape to the individual factors in the *"Boone"* analysis. The court finds that consideration of the *Boone* factors by the Eighth Circuit Court of Appeals has significantly narrowed the perceived "liberality" of the bald language of Rule 32.

### 3. Specific grounds for withdrawal of pleas

The grounds most often offered for withdrawal of pleas, this court finds, include those stemming from defendant's misunderstanding of the severity of the penalties likely to be imposed, including misunderstandings allegedly originating with the defendant, defense counsel, or the court; alleged breach of plea agreements by the government; "ineffective assistance of counsel"; incompetence to plead; and legal or factual innocence. An underlying theme in the analysis of motions to withdraw pleas, as this court observed above, is whether the proffered ground presents a "fair and just reason" for granting the motion, weighed in light of whether the record reveals that the defendant's plea was entered knowingly, voluntarily, and after adequate representation by counsel, and whether the asserted ground is adequately supported by the record, not merely by conclusory assertions. *See, e.g., Thompson*, 906 F.2d at 1299; *Boone*, 869 F.2d at 1092, and cases cited herein.

### a. Withdrawal based on severity of penalty imposed

■ The application of the Sentencing Guidelines has provided the basis for a number of arguments that a defendant should be allowed to withdraw his or her plea. However, a defendant's misunderstanding of the application of the Sentencing Guidelines to his or her sentencing does not constitute a "fair and just reason" for withdrawing a guilty plea where "the defendant was told the range of potential punishment and that the Guidelines would be applied to determine his [or her] sentence." *Burney*, 75 F.3d at 445;

*United States v. Hoelscher*, 914 F.2d 1527, 1544 (8th Cir.1990), *cert. denied sub nom. Meriwether v. United States*, 500 U.S. 943, 111 S.Ct. 2240, 114 L.Ed.2d 482 (1991). Such a misunderstanding fails to meet the defendant's burden even where it is based on an erroneous estimation by defense counsel. *Burney*, 75 F.3d at 445; *Ludwig*, 972 F.2d at 950–51 (erroneous calculation of guideline range by both defense and government counsel does not establish "fair and just reason" to withdraw plea, nor would defendant's misunderstanding of the applicable guidelines range, where defendant was apprised of the possible range of punishment and told that the guidelines would apply, citing *Hoelscher*, 914 F.2d at 1544).

■ Similarly, a motion to withdraw a plea of guilty is unlikely to be successful on the around that the court failed to inform the defendant properly of the potential penalty for the crime charged as required by Federal Rule of Criminal Procedure 11(c)(1) where the minimum requirements of Rule 11 have been met. *Burney*, 75 F.3d at 445; *see also* FED. R. CRIM. P. 11(c)(1) (the court must advise the defendant prior to accepting the defendant's plea of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law"). The Eighth Circuit Court of Appeals has held that the district court fulfills its obligations under Rule 11(c) when it informs the defendant of the maximum term of imprisonment on each of the counts with which the defendant is charged, and any mandatory minimum sentence on any count. *Burney*, 75 F.3d at 445. As the court has observed, "Rule 11 does not require the sentencing court to inform the defendant of the applicable guideline range or the actual sentence he [or she] will receive." *Id.* (*citing Thomas v. United States*, 27 F.3d 321, 324 (8th Cir. 1994), as holding that a defendant had no right to be specifically informed of the effect of a "career offender" provision on his sentencing range).

The Eighth Circuit Court of Appeals has also held that the requirements of Rule 11(c)(1) have been met even where the court does not specifically advise the defendant of the possibility of consecutive sentencing, be-

cause the district court "implicitly [does] so" when it informs the defendant of the maximum term of imprisonment for each count with which the defendant is charged. *Burney*, 75 F.3d at 445 (citing *United States v. Hamilton*, 568 F.2d 1302, 1306 (9th Cir.) (per curiam), *cert. denied*, 436 U.S. 944, 98 S.Ct. 2846, 56 L.Ed.2d 785 (1978), as holding that a court's warning that a defendant was subject to a possible 15–year sentence as to each of two counts "implicitly" alerted the defendant to the possibility of consecutive sentencing).[4] The court recognized that, when taken out of context, a mere statement of the maximum possible sentence on each count could be misleading as to the possibility of consecutive sentencing, but such concerns were dispelled in the case before it by examination of the plea colloquy, which revealed that the district court fully informed the defendant of the consequences of his pleas. *Id.*

■ Other cases in which mistakes have been considered as an adequate basis for withdrawal of a guilty plea have "all deal[t] with circumstances where a defendant did not understand the nature of the offense charged," not other mistakes concerning what other charges might be brought against the defendant or what investigations might continue if he or she did not plead guilty. *Nichols*, 986 F.2d at 1202–03 (citing *De Leon v. United States*, 355 F.2d 286, 289 (5th Cir.1966); *United States v. Davis*, 212 F.2d 264, 267 (7th Cir.1954); *Bergen v. United States*, 145 F.2d 181, 187 (8th Cir.1944)). Thus, where it is clear from the transcript of the plea hearing that the defendant understood the nature of the charges actually brought against him or her, the defendant cannot demonstrate a "fair and just reason" for withdrawal of the guilty plea based on mistake. *Id.*

### b. *Non-compliance with plea agreements*

Defendants occasionally move to withdraw plea agreements on the ground that the gov-

ernment has not complied with the terms of a plea agreement. In *Margalli–Olvera v. I.N.S.*, 43 F.3d 345 (8th Cir.1994), the Eighth Circuit Court of Appeals found that there are two potential remedies for the government's breach of a plea agreement: remand for specific performance and withdrawal of the guilty plea. *Margalli–Olvera*, 43 F.3d at 354–55 (citing *United States v. Walker*, 927 F.2d 389, 391 (8th Cir.1991)). Although the court noted that the decision as to which to grant rests in the sound discretion of the court, *Margalli–Olvera*, 43 F.3d at 355; *United States v. McGovern*, 822 F.2d 739, 746 (8th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987), "specific performance is the preferred remedy." *Margalli–Olvera*, 43 F.3d at 355 (citing *United States v. Kurkculer*, 918 F.2d 295 (1st Cir.1990)). Nonetheless, the decisions of the Eighth Circuit Court of Appeals demonstrate that the court will consider such a ground for withdrawal of a plea, but, when doing so, will look for a factual basis for the allegation in the record.

For example, in *Wojcik*, the Eighth Circuit Court of Appeals considered whether alleged violation of the plea agreement provided adequate grounds for withdrawal of a guilty plea. *Wojcik*, 60 F.3d at 433–34. In *Wojcik*, the plea agreement provided, *inter alia*, that the government would have "sole discretion" to make or withhold a motion for downward departure, and would exercise that discretion in "good faith," and further provided that the government's decision not to make such a motion or the court's denial of such a motion could not be the basis of a motion to withdraw the plea pursuant to the plea agreement. *Id.* The court held that where the government had in fact made such a request for a downward departure, and the defendant had otherwise failed to establish the government's bad faith refusal to cooperate with the defendant or to establish any breach of the plea agreement, the plea agreement provided

---

4. In *Burney*, the Eighth Circuit Court of Appeals also noted that the United States Sentencing Guidelines specifically provide for consecutive sentencing as follows:

If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed

on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

*Burney*, 75 F.3d at 444 n. 2 (quoting U.S.S.G. § 5G1.2(d)).

no basis for a motion to withdraw the plea. *Id.* Similarly, in *Kelly,* the Eighth Circuit Court of Appeals held that there was no evidence of a breach of the plea agreement and no unconstitutional withholding by the government of a motion for downward departure, and therefore no "fair and just" reason for withdrawal of a plea made pursuant to the plea agreement. *Kelly,* 18 F.3d at 619.

### c. "Ineffective assistance of counsel"

It appears to this court that the most frequent ground for a motion to withdraw a plea, or at least the ground that has generated the most appellate decisions, is alleged "ineffective assistance of counsel." Although the Eighth Circuit Court of Appeals has recognized that the issue of counsel's effectiveness may be raised as a ground for withdrawal of a plea pursuant to Rule 32(e), *United States v. Petty,* 1 F.3d 695, 696 n. 2 (8th Cir.1993), little success has generally been encountered when a motion to withdraw a guilty plea is based on defense counsel's alleged ineffectiveness or failure properly to analyze or assess the government's case or potential defenses.

 One impediment to success on such an allegation is defendant's own conduct in the course of the plea-taking or at the change-of-plea hearing. Where the defendant fails to assert any objections to defense counsel's performance at the change-of-plea hearing, despite the defendant's knowledge at that time of the matters the defendant believes counsel has overlooked, improperly discounted, or overemphasized, that failure " 'refutes any claim of ineffective assistance of counsel as a basis for withdrawing [the defendant's] plea.' " *Newson,* 46 F.3d at 733 (quoting *Abdullah,* 947 F.2d at 312). In other circumstances, the district court may properly make credibility assessments to determine whether the defendant has been misled or inadequately represented by defense counsel, thus presenting a "fair and just reason" for withdrawal of a guilty plea, and such a determination will only be overturned where not supported by the record and therefore clearly erroneous. *Newson,* 46 F.3d at 733 (affirming district court's determination that the motion to withdraw plea should be denied where it was based on counsel's allegedly giving the defendant the incorrect impression that he would face a more severe sentence by going to trial).

 An "ineffective assistance of counsel" ground for withdrawal of a plea was likewise rejected in *Hughes* owing to evidence in the record from the plea proceedings. *Hughes,* 16 F.3d at 951. In that case, the defendant asserted that his plea was involuntary because of his counsel's ineffectiveness in failing to investigate the case fully and fairly before advising him to plead guilty. *Id.* However, the court found that the defendant's testimony at the change-of-plea hearing directly contradicted that assertion:

> Hughes testified that counsel had not failed or refused to do anything he had asked him to do and that he was completely satisfied with the manner in which counsel represented him. Hughes's failure to assert any objections to counsel's performance at his change of plea hearing "refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea." *United States v. Abdullah,* 947 F.2d 306, 312 (8th Cir.1991), *cert. denied,* 504 U.S. 921, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992).

*Hughes,* 16 F.3d at 951. Not only must the defendant in most circumstances object to counsel's performance in order to assert ineffective assistance of counsel as a ground for withdrawal of a plea, as the above cases indicate, "it is well settled that 'the exercise of mistaken judgment by counsel is not a ground to successfully assert involuntariness of a plea' sufficient to amount to a fair and just reason for later withdrawing it." *Nichols,* 986 F.2d at 1203 (citing *United States v. Briscoe,* 428 F.2d 954, 956 n. 3 (8th Cir.), *cert. denied,* 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970)).

To put it another way, the Eighth Circuit Court of Appeals has recognized that the same presumptions apply to an "ineffective assistance of counsel" ground for withdrawal of a plea as apply to such a ground for post-conviction relief; that is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson,* 977

F.2d at 1299 (quoting the presumption from *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). In *Johnson*, the court again looked at the record, including the Rule 11 hearing, and concluded that "Johnson fail[ed] to pass the *Boone* test," because his claims of "fair and just reason" to withdraw his plea based on ineffective assistance of counsel [5] simply were not believable where they were contrary to his testimony under oath at the Rule 11 hearing and were made after an escape period of over two years. *Id.* The appellate court therefore held that the district court had correctly denied Johnson's motion to withdraw his plea. *Id.*

### d. Incompetence or involuntariness of the original plea

Another ground asserted with some regularity by defendants seeking to withdraw a plea of guilty has been the defendant's incompetence to enter the plea in the first place or the involuntariness of that plea, often, in the case of "involuntariness," on the basis of "ineffective assistance" or coercion by defense counsel. This ground, as the cases demonstrate, also requires sufficient facts in the record to undercut the voluntariness of the plea.

The court considered the voluntariness of the defendant's plea in *Yell. Yell,* 18 F.3d at 582–83. In *Yell,* the defendant asserted that his guilty plea was induced by stress, and therefore was not voluntary, and the involuntariness of his plea presented a "fair and just reason" to withdraw his guilty plea. *Id.* The court rejected this argument based on the nature of the plea proceedings:

> The court carefully inquired into the voluntariness of appellant's plea and determined after extensive questioning that appellant

was competent to proceed, that he understood the rights he was waiving and that no threats or promises had been made to induce his plea. Appellant's claim that he suffered from mental stress is spurious and without credible foundation, and is not a fair and just reason to allow him to withdraw his plea. The district court did not abuse its discretion in denying the motion to withdraw the plea.

*Yell,* 18 F.3d at 583. In *Abdullah,* the defendant specifically asserted that the "involuntariness" of his plea was the result of counsel's ineffectiveness, resulting in his making a plea "under duress." *Abdullah,* 947 F.2d at 312. The district court applied the same procedure of review of the record for any assertion of objections to counsel's performance at the Rule 11 hearing and for any other factual support for the defendant's "ineffective assistance" claim, and, finding none, properly denied the motion to withdraw the defendant's guilty plea. *Id.*

### e. Innocence

Whether the defendant asserts his or her "innocence" as a ground for withdrawal of a guilty plea is a separate factor in the *"Boone"* analysis. *Boone,* 869 F.2d at 1091. As with the other grounds for withdrawal of a plea, however, where the defendant presents no factual evidence or other basis to support his or her claim of innocence, and furthermore has admitted guilt during his or her arraignment or at the plea taking, the defendant's "'mere assertion of innocence, absent a substantial supporting record[,] will not be sufficient to overturn a denial of a motion to withdraw.'" *Ludwig,* 972 F.2d at 951 (quoting *United States v. Clark,* 931 F.2d 292, 295 (5th Cir.1991)); *Morrison,* 967 F.2d at .268 ("Conclusory assertions of innocence

5. Johnson's counsel was a federal public defender described by the district court as "probably the most experienced ... [d]efender we have in this part of Missouri." *Johnson,* 977 F.2d at 1298. Johnson made the following allegations as establishing fair and just reason to withdraw his written guilty plea: (1) his lawyer had failed to locate an exculpatory witness; (2) the suitcase containing the drugs in question in Johnson's indictment for possession of cocaine was not his and a woman passenger on the bus he was riding who would have helped him pursue this defense was not located by his lawyer; (3) he was not aware he could go to trial rather than plead guilty; (4) he was not informed by his lawyer that "no fingerprints were obtained off of the bag" with the cocaine; and (5) he was not informed of the punishment range that could be imposed. *Id.* at 1298–99. The district court denied these allegations after comparing them with Johnson's testimony in the Rule 11 hearing and the written plea agreement, finding Johnson's allegations to be "incredible." *Id.* at 1299.

do not warrant an evidentiary hearing," and "[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise,'" quoting *Rawlins,* 440 F.2d at 1046). As the Eighth Circuit Court of Appeals has said, "An assertion of innocence—even a 'swift change of heart after the plea'—does not constitute a 'fair and just reason' to grant withdrawal." *Morrison,* 967 F.2d at 268 (quoting, in pertinent part, *United States v. Devins,* 646 F.2d 336, 337 (8th Cir.1981)).

Courts have, however, "dealt carefully" with motions to withdraw guilty pleas "based upon newly discovered evidence, or a previously unknown or unavailable defense." *Morrison,* 967 F.2d at 268 (noting that "serious allegations" of this nature, where factually based, usually require an evidentiary hearing, but finding the district court properly denied Morrison's motion without an evidentiary hearing where his assertions of a new defense were factually weak). In *Capito,* the Eighth Circuit Court of Appeals entertained the defendant's appeal of denial of his motion to withdraw his guilty plea on the ground that he was legally innocent of the crime to which he had pleaded, felon in possession of a firearm, because, after conviction of a felony in California, his civil rights had been restored under South Dakota law. *Capito,* 992 F.2d at 219. The court held that the defendant's arguments that a South Dakota resident's civil rights are automatically restored if he has completed his sentence, regardless of whether he was convicted in South Dakota, had been foreclosed by the

prior decision in *Thompson v. United States,* 989 F.2d 269, 270 (8th Cir.1993). *Capito,* 992 F.2d at 220. In *Thompson,* the court had held that the South Dakota statute only restored the civil rights of a felon convicted under the laws of the state of South Dakota. *Capito,* 992 F.2d at 220 (citing *Thompson,* 989 F.2d at 270). Failure of the defendant's claim to legal innocence under prevailing law meant that he had failed to establish a "fair and just reason" for granting his motion to withdraw his guilty plea. *Id.*

### B. Effect Of Deferral Of Acceptance Of Guilty Plea

■ Before considering the *Boone* factors, the court must first address defendant Allen's claim that because the court deferred acceptance of her plea until her sentencing, she is entitled to withdraw her plea as a matter of right at any time before formal acceptance of the plea. Defendant Allen has cited no authority for this proposition.[6] In its resistance to defendant Allen's motion, the Government cited no authorities directly on point. The court's own research revealed that this issue was considered and squarely rejected two months ago by the Fifth Circuit Court of Appeals in *United States v. Grant,* 117 F.3d 788, 790 (5th Cir.1997).

In *Grant,* the defendant entered into a plea agreement with the government pursuant to which the defendant pleaded guilty to one count of filing a false tax return. *Id.* at 789. At a plea hearing, the defendant stipulated to the substantive facts underlying the charge, and stated that he understood the nature of the charge against him and the

---

**6.** Indeed, defendant Allen cited only two authorities in her entire motion: *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) and *United States v. Cox,* 923 F.2d 519 (7th Cir.1991). In *Santobello,* the defendant pleaded guilty to a lesser included offense in return for the prosecutor's agreement to make no recommendation as to the sentence. At the sentencing hearing six months later, a different prosecutor from the same office recommended the maximum sentence. *Santobello,* 404 U.S. at 259, 92 S.Ct. at 497. The Supreme Court vacated the defendant's sentence and remanded for reconsideration, holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such

promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499. *Santobello* does not aid Allen here since she makes no allegation that the Government has breached an existing plea agreement. In *Cox,* the Seventh Circuit Court of Appeals was confronted with the question of whether a district court has the discretion to accept *Alford* pleas. *Cox,* 923 F.2d at 524–25. The Seventh Circuit made clear that a guilty plea accompanied by an assertion of innocence is properly accepted only if the record before the trial judge contains strong evidence of guilt. *Id.* at 525. Again, the *Cox* decision does not provide support to Allen's motion since she did not enter an *Alford* plea on April 28, 1997, but instead admitted her guilt at the change of plea hearing.

consequences of pleading guilty, including the possibility of imprisonment. The defendant's guilty plea was entered, but the district court deferred accepting the plea and the plea agreement until it reviewed the presentence report and an incriminating videotape. *Id.* On the scheduled date of sentencing, the defendant moved to withdraw his plea of guilty, claiming that he was innocent of the tax evasion charge. *Id.* Following an evidentiary hearing, the district court denied the defendant's motion to withdraw his plea and accepted the plea and the plea agreement. *Id.* The defendant then appealed, challenging the district court's refusal to set withdraw his guilty plea. *Id.* The defendant asserted that the district court's application of the Fifth Circuit's seven factor test for determining whether to grant a motion to withdraw a plea was inappropriate. *Id.* at 790. The defendant in *Grant,* like defendant Allen here, argued that because his guilty plea had not been accepted, it could be withdrawn at any time by either party. *Id.* In rejecting the defendant's contention, the Fifth Circuit Court of Appeals looked to the Supreme Court's recent decision in *United States v. Hyde,* — U.S. ——, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997), on the analogous question of whether a plea may be withdrawn as a matter of right after its acceptance by the court but before acceptance of an accompanying plea agreement.

In *Hyde,* the Supreme Court resolved a split in the federal circuits as to whether Federal Rule of Criminal Procedure 32(e)'s "fair and just reason" standard applied where a defendant sought to withdraw a plea after its acceptance but before the acceptance of an accompanying plea agreement. The defendant in *Hyde* pleaded guilty pursuant to a plea agreement in which the Government agreed to move for dismissal of other charges. *Hyde,* — U.S. at —— ——, 117 S.Ct. at 1631–32. The district court accepted the defendant's guilty plea but deferred decision on whether to accept the plea agreement, pending completion of the presentence report. *Id.* at ——, 117 S.Ct. at 1632. One month before sentencing and the district court's decision on whether to accept the plea agreement, the defendant moved to withdraw his plea. *Id.* After conducting an evidentiary

hearing, the district court denied the motion because the defendant had not provided a "fair and just reason" for withdrawing the plea before sentencing. *Id.* The Ninth Circuit Court of Appeals reversed, holding that the defendant had an absolute right to withdraw his guilty plea before the district court accepted the plea agreement. *United States v. Hyde,* 92 F.3d 779, 781 (1996), *rev'd,* — U.S. ——, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). In reversing, the Supreme Court began by examining the language of Federal Rule of Criminal Procedure 11 and concluded that, by its terms, the rule distinguished between pleas and plea agreements. *Hyde,* — U.S. at ——, 117 S.Ct. at 1633. In failing to acknowledge those distinctions, the Court reasoned that the Ninth Circuit Court of Appeals had stripped Rule 11 of its intended meaning. *Id.* at ——, 117 S.Ct. at 1634. The Supreme Court also noted that the Ninth Circuit's decision debased the Rule 11 plea hearing:

> After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark.

*Id.* Thus, the Supreme Court concluded that when a district court has accepted a defendant's plea but deferred accepting the plea agreement, the plea may not be withdrawn unless the defendant provides a "fair and just reason." *Id.* at ——, 117 S.Ct. at 1631.

In *Grant,* the Fifth Circuit Court of Appeals concluded that the Supreme Court's reasoning in *Hyde* applied with equal vigor to the question of whether a defendant is entitled to withdraw his plea as a matter of right at any time before formal acceptance of the plea. *Grant,* 117 F.3d at 791. The court observed that permitting the defendant to withdraw his plea without a fair and just reason would

> defeat the purpose of the plea hearing and diminish the significance of entering pleas. As the Supreme Court explained, such a

result is contrary to Rule 11's intended purpose:

> 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment." '

*Grant*, 117 F.3d at 791 (quoting *Hyde*, —— U.S. at ——, 117 S.Ct. at 1634 (citations omitted)).

The court finds the reasoning of the Fifth Circuit Court of Appeals in *Grant* compelling, and concludes that defendant Allen does not have the right to withdraw her guilty plea as a matter of right at any time before formal acceptance of the plea. Rather, the court concludes that defendant Allen must demonstrate a fair and just reason for withdrawing her guilty plea prior to sentencing. Therefore, the court turns to an analysis of the *Boone* factors.

### C. Withdrawal Of Defendant Allen's Plea In This Case

Here, the sole reason offered by Allen for withdrawing her guilty plea is that she was mentally incompetent at the time she entered her plea due to the effects of Prozac she was taking for depression. Thus, she contends that her plea was not entered knowingly and voluntarily. The court finds that defendant Allen has not substantiated this claim. The court has found that while defendant Allen was taking the medication Clorazepate at the time of her change of plea hearing on April 28, 1997, she was not taking the medication Prozac at that time. Thus, the medication Prozac could not have rendered defendant Allen incapable of fully understanding the charges against her, her constitutional rights, and the consequences of her plea. This conclusion is buttressed by defendant Allen's actions at the change of plea hearing. At her change of plea hearing, Allen's sworn statements were lucid, and wholly inconsistent with her assertion that she did not enter a knowing and intelligent plea. As is reflected in the transcript of the change of plea hearing, defendant Allen responded in a coherent and rational manner in the colloquy. Under similar circumstances, the Eighth Circuit Court of Appeals has previously rejected claims that a defendant's guilty plea was not made knowingly and intelligently. *Prior*, 107 F.3d at 657. *United States v. McNeely*, 20 F.3d 886, 888 (8th Cir.1994), *cert. denied*, 513 U.S. 860, 115 S.Ct. 171, 130 L.Ed.2d 107 (1994); *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir.), *cert. denied*, 511 U.S. 1094, 114 S.Ct. 1858, 128 L.Ed.2d 481 (1994); *United States v. Dalman*, 994 F.2d 537, 538–39 (8th Cir.1993); *accord United States v. Fuller*, 15 F.3d 646, 650 (7th Cir.) (holding that district court did not err by denying defendant's motion to withdraw his guilty plea where defendant failed to establish that, at the time of his plea, his depression rendered him incapable of fully understanding the charges against him, his constitutional rights, and the consequences of his plea), *cert. denied*, 512 U.S. 1211, 114 S.Ct. 2689, 129 L.Ed.2d 820 (1994); *United States v. Pellerito*, 878 F.2d 1535, 1542 (1st Cir.1989) (holding that defendant was not entitled to withdraw his guilty plea due to mood-altering medication taken while in prison awaiting trial where treating physician testified that prescribed medications were for the most part sedatives and anti-anxiety drugs that had no effect on defendant's alertness or powers of concentration); *United States v. Benavides*, 793 F.2d 612, 616 (5th Cir.) (holding that district court did not abuse its discretion in refusing to permit defendant to withdraw guilty plea due to the fact that defendant, at time of his guilty plea, was allegedly taking medication which allegedly caused paranoia and otherwise impaired his mental faculties where defendant failed to offer corroboration of his claims as to the effect of the medication on him), *cert. denied*, 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986).

A brief review of Eighth Circuit precedent is instructive here. In *Prior*, 107 F.3d 654, the defendant asserted that he was suffering from drug withdrawal at the time he signed a plea agreement and that as a result he was

mentally incompetent at the time he signed the plea agreement and that because he had been incompetent when he signed the plea agreement and when it was explained to him, his plea was not knowing and voluntary. *Id.* at 657. Affirming the decision of the district court to deny defendant's motion to withdraw his guilty plea, the Eighth Circuit Court of Appeals concluded that the defendant was competent at the time of the plea hearing. *Id.* Defendant's own medical expert, a psychiatrist, testified that the defendant was competent by the time of the plea hearing when the court accepted the defendant's guilty plea. *Id.* Furthermore, the transcript of the plea hearing indicated that the defendant understood his rights. *Id.* at 657–58. Thus, the court found that the defendant had failed to assert a fair and just reason to withdraw his guilty plea. *Id.* at 658.

In *United States v. McNeely,* 20 F.3d 886, the defendant asserted that he should be allowed to withdraw his plea, because he was suffering from a mental disease or defect due to hypoglycemia resulting from untreated diabetes. *McNeely,* 20 F.3d at 888. However, the court rejected this ground for withdrawal of a plea based on a record that demonstrated that the alleged hypoglycemia had not rendered the plea involuntary:

> Here the record of the plea hearing establishes that McNeely understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily. There is nothing to suggest that the untreated hypoglycemia he now alleges rendered his plea unknowing, unintelligent, or involuntary. *See United States v. Dalman,* 994 F.2d 537, 538–39 (8th Cir.1993).

*McNeely,* 20 F.3d at 888. Thus, the court concluded, McNeely had failed to present a "fair and just reason" for withdrawing his plea, and the district court did not abuse its discretion in denying his motion pursuant to then Rule 32(d). *Id.*

In *Dalman,* the defendant claimed he was under the influence of heart medication at the time he pleaded guilty and that the medication rendered him incapable of knowingly and intelligently entering his guilty plea. *Dalman,* 994 F.2d at 538. The Eighth Cir-

cuit Court of Appeals found no evidence in the record to show that the defendant was not in possession of his faculties at the plea hearing and noted that he engaged in a lengthy colloquy with the court regarding the details of the charges. *Id.* at 539. The court rejected his "after-the-fact" claim that the heart medication affected his capacity to enter a guilty plea. *Id.* at 539.

In *Vaughan,* the defendant argued that his guilty plea should have been set aside because a mental condition prevented him from entering a knowing plea of guilty to the money laundering charges. *Vaughan,* 13 F.3d at 1187. In rejecting this claim, the Eighth Circuit Court of Appeals noted that the defendant's testimony at the change of plea hearing was "lucid, articulate, and inconsistent with his claim that he did not enter a knowing and intelligent plea." *Id.* The court also noted that the defendant denied that he was under the influence of "anything, medication or otherwise" that would make it difficult for him to understand why he was pleading guilty. *Id.* The Eighth Circuit Court of Appeals concluded that under such circumstances, the district court did not err in concluding that the defendant's guilty plea was knowing and intelligent. *Id.*

Here, the court concludes that defendant Allen has failed to meet her burden of demonstrating a fair and just reason for withdrawing her guilty plea. Based on the evidence produced at the evidentiary hearing, as well as the court's observations of defendant Allen at the change of plea hearing, the court declines to accept Allen's totally unsubstantiated assertion that the effects of Prozac on her constitute a fair and just reason to permit the withdrawal of her guilty plea entered on April 28, 1997. *See McNeely,* 20 F.3d at 888; *Fuller,* 15 F.3d at 650; *Vaughan,* 13 F.3d at 1187; *Dalman,* 994 F.2d at 538; *Pellerito,* 878 F.2d at 1542; *Benavides,* 793 F.2d at 616. The court concludes that defendant Allen was not taking the medication Prozac at the time of her change of plea hearing on April 28, 1997, and that she fully understood the court's explanation of all the information required to be explained to her under Federal Rule of Criminal Procedure 11(c). Thus, defendant

Allen has failed to demonstrate a fair and just reason for withdrawing her guilty plea. Because defendant Allen has failed to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining *Boone* factors. *Wicker*, 80 F.3d at 266; *Nichols*, 986 F.2d at 1201; *Abdullah*, 947 F.2d at 311; *see Knight*, 96 F.3d at 308 ("If the defendant shows a fair and just reason, the district court then must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'") (quoting *Wicker*, 80 F.3d at 266) (quoting in turn *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir.1993)). Therefore, the court denies defendant Allen's motion to withdraw her guilty plea.

## IV. CONCLUSION

As indicated above, at the time of the hearing on the motions to withdraw guilty pleas, defendant Moore withdrew his motion to withdraw his guilty plea. Therefore, the court need not rule on defendant Moore's motion to withdraw his guilty plea here. With regard to defendant Allen's motion to withdraw her guilty plea, the court concludes that defendant Allen has failed to prove that she was taking the medication Prozac at the time of her change of plea hearing on April 28, 1997. The court further concludes that defendant Allen fully understood the charges against her, her constitutional rights, and the consequences of her plea. Thus, defendant Allen has failed to demonstrate a fair and just reason for withdrawing her guilty plea. Therefore, the court denies defendant Allen's motion to withdraw her guilty plea.

**IT IS SO ORDERED.**