RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0164P (6th Cir.)
File Name: 03a0164p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

*v.*
    No. 02-5150

AUSTIN EUGENE LINEBACK,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 01-20034—Bernice B. Donald, District Judge.

Argued: April 14, 2003

Decided and Filed: May 30, 2003

Before: SILER, GILMAN, and GIBBONS, Circuit Judges.

---

### COUNSEL

**ARGUED:** Bruce I. Griffey, OFFICE OF BRUCE IRWIN GRIFFEY, Memphis, Tennessee, for Appellant. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Bruce I. Griffey, OFFICE OF BRUCE IRWIN GRIFFEY, Memphis, Tennessee, for Appellant. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

SILER, J., delivered the opinion of the court, in which GIBBONS, J., joined. GILMAN, J. (pp. 7-9), delivered a separate concurring opinion.

---

### OPINION

---

SILER, Circuit Judge. Defendant Austin Eugene Lineback appeals the district court's denial of his motion to withdraw his guilty plea. For the reasons stated below, we AFFIRM.

### I.

In February 2001, Lineback was indicted for: (1) possession of materials shipped in interstate commerce that contained visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B); and (2) persuading a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). He entered into a plea agreement with the Government through his retained counsel, Dennis Johnson, on August 14, 2001. The court held a change-of-plea hearing and accepted Lineback's guilty plea on that same day.

On September 27, 2001, Lineback moved to dismiss Johnson as his attorney. Johnson subsequently moved to withdraw from further representation. The court allowed Johnson to withdraw and appointed the Federal Public Defender's Office to represent Lineback. In November 2001, Lineback moved to withdraw his guilty plea on the grounds that he: (1) was dissatisfied with his retained counsel, (2) felt pressured into pleading guilty by counsel, (3) did not have adequate time to fully consider the consequences of his plea, and (4) desired to pursue his innocence at trial. The district court denied his motion. Lineback was subsequently sentenced to a total of 120 months' imprisonment followed by 3 years of supervised release.

## II.

This court reviews the denial of a motion to withdraw a guilty plea under an "abuse of discretion" standard. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). A district court abuses its discretion "when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998) (citation omitted).

At all relevant times in this case, Federal Rule of Criminal Procedure 32(e)[1] provided that "[i]f a motion to withdraw a plea of guilty . . . is made before the sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e) (2001). "Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (internal quotation marks omitted), *superseded on other grounds by statute as stated in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). The *Bashara* court noted that the factors for a court to consider in determining whether the defendant has met this burden include:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;
(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
(3) whether the defendant has asserted or maintained his innocence;
(4) the circumstances underlying the entry of the guilty plea;
(5) the defendant's nature and background;

---

[1]This rule was previously Fed. R. Crim. P. 32(d) and has since been modified and moved to Fed. R. Crim. P. 11(d).

(6) the degree to which the defendant has had prior experience with the criminal justice system; and
(7) potential prejudice to the government if the motion to withdraw is granted.

*Id.*

The district court identified these seven factors in its analysis. In discussing the third factor, the district court made a factual finding that Lineback had not maintained his innocence. In discussing the seventh factor, the district court reasoned as follows:

[T]he defense says there is no prejudice to the government, but obviously the government has relied on the defendant's voluntary negotiations which [have] resulted in a plea. The victims in this case have been advised that this matter has ended in a plea. [O]ne of the victims was 17 at the time [of the offense].
&ast;    &ast;    &ast;
And those victims who have been, they and their families who have been assured that this matter has ended, would now undergo the anxiety and all of the emotional underpinnings of knowing that a matter that they thought was resolved would now be reopened and they would have to come to trial and – and testify. And while those factors do not outweigh a defendant's rights to a trial, [they] are factors that have to be taken to the mix.

Lineback argues that the district court's factual finding that he had failed to maintain his innocence was clearly erroneous and that its consideration of prejudice to the victims was a misapplication of the law.

Regarding Lineback's claim of innocence, he contends that he never denied that he had sexual contact with the victims, but rather seeks to pursue his legal innocence at trial based on the lack of a sufficient nexus between his conduct and interstate commerce. The district court concluded that Lineback failed to maintain his innocence because he admitted

"that he did engage in the conduct that was set forth in the government's plea colloquy." The district court did not abuse its discretion in finding that this factor weighed against Lineback.

In *United States v. Morrison*, 967 F.2d 264 (8th Cir. 1992), the Eighth Circuit addressed the relevance of prejudice to a victim in determining whether a defendant should be allowed to withdraw his guilty plea. In that case, Morrison was indicted for aggravated sexual assault after allegedly raping Belle Starboy, his estranged common-law wife. *Id.* at 265. In affirming the district court's denial of Morrison's motion to withdraw his guilty plea,[2] the court reasoned as follows:

> [T]he defendant's fair and just reason must always be balanced against prejudice to the government. Morrison had waited until the eve of trial before pleading guilty, when it was obvious that Starboy would carry through on her criminal complaint. The prosecutor's affidavit in opposition to the first motion to withdraw explained in great detail the trauma of preparing for trial for Starboy and her family, and the difficulty of gathering witnesses for a trial of this sort. Withdrawal of the plea would obviously require the prosecution and its witnesses to endure this emotional process again. Whether we classify this as prejudice to the government, or prejudice to the complaining victim, it is real prejudice, caused by the timing of Morrison's guilty plea and subsequent attempts to withdraw.

*Id.* at 269.

At Lineback's change-of-plea hearing, the Government noted that if Lineback chose to go to trial the Government's evidence would include testimony from the two minor victims in this case. In its opposition to Lineback's motion to withdraw, the Government again noted that the victims

---

[2]Morrison had pled guilty to the lesser-included felony of attempted sexual assault. *Id.* at 265.

. . . are minors who have already been traumatized by the actions of the Defendant. They have been through enormous stress and mental anguish in awaiting some finality to these legal proceedings. To reverse this process and require these minors to now testify before the public in a jury trial will be difficult at best and will certainly prejudice the Government in its effort to obtain justice.

We need not make a legal determination regarding whether a district court may consider prejudice to the victim as a separate (eighth) *Bashara* factor. Instead, our task is to review the district court's factual determination that the prejudice suffered by the victims here would result in prejudice to the Government. Because this factual finding was not clearly erroneous, we find no abuse of discretion.

**AFFIRMED**.

---

## CONCURRENCE

---

RONALD LEE GILMAN, Circuit Judge, concurring. A review of the district court's analysis makes clear that the court found that Lineback had failed to establish a "fair and just reason" for withdrawing his guilty plea under the first six *Bashara* factors. This court has previously held that where a defendant fails to show such a reason, the court need not consider the seventh *Bashara* factor of whether the withdrawal would prejudice the government. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

In the present case, however, the district court proceeded to comment on the potential prejudice to both the government and the victims if Lineback were permitted to withdraw his guilty plea. These comments, in my opinion, were irrelevant to the denial of Lineback's withdrawal motion in light of the district court's determination that he had failed to establish a fair and just reason for withdrawal. Because I agree that the district court did not abuse its discretion in denying Lineback's motion, I concur in the result reached by the lead opinion.

On the other hand, I find troubling the district court's mention of the emotional anguish to the victims as a factor to be considered in denying Lineback's motion to withdraw his guilty plea. I also disagree with the district court's assessment that the "prejudice suffered by the victims here would result in prejudice to the Government." (Lead Op. at 6) For these reasons, I write this concurring opinion to discuss the propriety of a district court's consideration of prejudice to the government in the form of prejudice to the victims.

Generally, prejudice to the government has been found in cases where the entering of a guilty plea and then a subsequent motion to withdraw has made the government's case more difficult than it would have been if the guilty plea had never been entered. *E.g., United States v. Bryant,* 640 F.2d 170, 172

(8th Cir. 1981) (finding prejudice where three trials of codefendants had already occurred, giving the defendant a preview of the government's case); *United States v. Jerry*, 487 F.2d 600 (3d Cir. 1973) (finding prejudice because physical evidence had been discarded); *United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir. 1973) (finding prejudice because of the death of the chief government witness). The lead opinion, however, follows the reasoning of an opinion from the Eighth Circuit and suggests that prejudice to the victim, in the form of emotional anguish, can result in prejudice to the government. *United States v. Morrison*, 967 F.2d 264 (8th Cir. 1992). This implies that prejudice will be found in forcing the government and its witnesses to prepare for trial in an emotionally-charged case that they thought had been resolved by the entry of a guilty plea.

Unlike my colleagues, I do not believe that the reasoning of *Morrison* applies here. In *Morrison,* the court noted that the guilty plea was entered on the eve of trial. The defendant's subsequent attempt to withdraw the plea was found to be prejudicial because it would have forced the government to prepare a *second* time for trial, and caused the victim to suffer the mental anguish of a *second* preparation. Our case is distinguishable because there is nothing in the record to suggest that Lineback's plea was made at a time when the government had already prepared for trial. Rather, the government here would simply be required to prepare and put on its proof as though the guilty plea had never been entered. The government has submitted nothing to indicate that preparation would be any more difficult at this point than it would have been had Lineback never entered a guilty plea.

In my opinion, prejudice must mean something more than that the government will be forced to put on its proof, or that a witness will have to prepare for trial and testify in the first instance. *United States v. Allen*, 981 F. Supp. 564, 572-73 (N.D. Iowa 1997) (interpreting *Morrison* and other Eighth Circuit cases as requiring prejudice "beyond the necessity of taking a matter to trial, which merely requires the exercise of

the defendant's constitutional rights, instead of 'pleading it out.'").

   The lead opinion seems to compare the position of the government and victims immediately before Lineback's motion to withdraw was filed with what their position would be if his guilty plea is allowed to be withdrawn, and comes to the conclusion that the government will be in a less favorable position after the withdrawal. This, in my opinion, is not the correct comparison to determine prejudice. If it were, then there would always be a finding of prejudice to the government upon the withdrawal of a guilty plea. I would instead compare the position of the government and victims before Lineback pled guilty with what their position would be if the plea is allowed to be withdrawn. Based upon the record before us, I would conclude that they are similarly situated in all relevant aspects, thus precluding any basis to find prejudice.