UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry HRONEK, Defendant–Appellant.

No. 02–4412.

United States Court of Appeals,
Sixth Circuit.

April 23, 2004.

James L. Morford, Blas E. Serrano, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Robert A. Ratliff, Roberts, Shields & Green, Mobile, AL, for Defendant–Appellant.

Before DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

## ORDER

Terry Hronek appeals from a district court judgment of convictions and sentence. The government has waived oral argument, and this court construes Hronek's failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Hronek pleaded guilty to conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 & 841(a)(1) and laundering monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Hronek subsequently moved to withdraw his guilty plea, but the district court denied the motion. The court sentenced Hronek to 125 months of imprisonment and five years of supervised release, and the court imposed a $200 special assessment. In this timely appeal, Hronek argues that: 1) the district court improperly denied his motion to withdraw his guilty plea because he did not knowingly and voluntarily enter his plea; 2) the district court improperly refused to depart downward from his Sentencing Guidelines range when imposing his sentence; and 3) the government breached the terms of his plea agreement.

Hronek's argument that the district court improperly denied his motion to withdraw his guilty plea is without merit. This court reviews the denial of a defendant's motion to withdraw a guilty plea for an abuse of discretion, *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir.2003); *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996), and the defendant has the burden of demonstrating that some fair and just reason exists for withdrawing his guilty plea. Fed.R.Crim.P. 32(e); *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir.2001).

■ The district court did not abuse its discretion in denying Hronek's motion to withdraw his guilty plea. Hronek argues that he should have been permitted to withdraw his plea because he did not knowingly and voluntarily enter the plea. Hronek asserts that, as part of his plea agreement, he was led to believe by his attorney and the prosecutor that he would be able to re-purchase real property that he was forfeiting as part of his plea agreement. However, he learned from his counsel, following his plea, that 21 U.S.C. § 853(h) prohibits him from purchasing property that he had forfeited. Hronek maintains that his guilty plea was induced in part by his desire to purchase the forfeited property and, since he actually was not eligible to purchase the property, he did not knowingly and voluntarily enter his guilty plea.

Hronek has not met his burden of demonstrating that a fair and just reason exists for withdrawing his guilty plea. It is undisputed that Hronek's plea agreement had no provision for him to re-purchase the forfeited property. Further, at two

* The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

different places, the plea agreement establishes that, other than the provisions set forth in the agreement, no promises, assurances, or representations were given to induce Hronek to plead guilty. Additionally, at his plea hearing, Hronek averred that no other promises existed outside of the plea agreement which had caused him to plead guilty. Hronek's plea agreement consists only of those terms revealed in open court, *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir.1999); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986), and, since the plea agreement contained an integration clause, Hronek cannot assert that the government made oral promises to him that are not contained in the plea agreement itself. *United States v. Hunt*, 205 F.3d 931, 935 (6th Cir.2000).

While Hronek also claims that his counsel rendered ineffective assistance by not advising him that he was ineligible to purchase the forfeited property, the claim is not reviewable at this time. Ineffective assistance of counsel claims generally are not cognizable in a direct criminal appeal because the record is inadequate to permit review, *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Brown*, 332 F.3d 363, 368–69 (6th Cir.2003), and they are more properly raised in a motion to vacate sentence under 28 U.S.C. § 2255. *Massaro*, 123 S.Ct. at 1694; *United States v. Delgado*, 350 F.3d 520, 527 (6th Cir.2003). However, if the parties have adequately developed the record, the court may elect to review the issue on direct appeal. *Massaro*, 123 S.Ct. at 1696; *United States v. Foreman*, 323 F.3d 498, 502 (6th Cir.2003).

While Hronek did raise this ineffective assistance of counsel claim in the district court, we believe that the issue is not sufficiently developed to permit review on direct appeal. In his motion to withdraw his guilty plea, Hronek argued in passing that his counsel erroneously informed him that he could re-purchase the forfeited property. Although Hronek also submitted letters that he received from counsel concerning the forfeiture of the property, the district court determined that this evidence was insufficient to establish ineffective assistance of counsel.

■ Despite the district court's ruling on this issue, certain questions remain regarding counsel's performance, as a federal statute expressly prohibited Hronek from re-purchasing the property. It is not clear whether counsel affirmatively advised Hronek that he could re-purchase the property, whether counsel conducted any independent investigation or research on the issue, and whether counsel relied solely on statements made by the prosecutor concerning Hronek's eligibility to re-purchase the property. Further, in order to be entitled to relief on this claim, Hronek must demonstrate a reasonable probability that, except for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In light of these unanswered questions and the fact that Hronek's ineligibility to re-purchase the property was clear beyond dispute, we conclude that ruling on his ineffective assistance of counsel claim at this time would be premature. Instead, Hronek should raise the claim in a § 2255 motion where he would have an opportunity to more fully establish the facts underlying his claim.

■ Hronek next argues that the district court erred in denying him a downward departure, but this claim is not reviewable on appeal. This court cannot review a district court's denial of a downward departure unless the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law. *United States v. Solorio*,

**830**

337 F.3d 580, 602 (6th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 850 & 857, 157 L.Ed.2d 723 (2003); *United States v. Farrow,* 198 F.3d 179, 199 (6th Cir.1999). As the district court clearly recognized its discretion to depart downward in this case but chose not to do so, this court cannot review the district court's decision.

■ Lastly, Hronek's argument that the government breached the plea agreement is meritless. As part of his plea agreement, Hronek agreed to fully cooperate with the government and provide complete and truthful information concerning any unlawful activities. In exchange for Hronek's cooperation, the government agreed to move for a downward departure under USSG § 5K1.1. However, the agreement also provided that the government was released from this obligation if Hronek did not fully cooperate, and the government retained the sole discretion in determining whether to move for a downward departure. Subsequent to Hronek's guilty plea, federal authorities received a tip that Hronek was hiding proceeds from illegal activities at his residence and searches of the property revealed $679,000 concealed in Hronek's garage and $23,000 concealed in his basement. As Hronek had not disclosed the existence of these drug proceeds to the government, the prosecution concluded that he had breached the terms of his plea agreement and declined to make the § 5K1.1 motion.

Hronek now argues that the government improperly refused to move for the downward departure. However, since the government retained the discretion whether to make a sentencing motion, its decision to not make the motion can only be reviewed for unconstitutional considerations, such as the defendant's race. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000); *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998). As Hronek does not allege that this decision resulted from unconstitutional motives, the government's decision is unreviewable. Further, because Hronek breached the terms of his plea agreement, the government was not obligated to make the § 5K1.1 motion. *Benjamin,* 138 F.3d at 1074.

Accordingly, we affirm the district court's judgment.