**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0037n.06
Filed: January 11, 2006

**No. 04-6380**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **ANDRE DESHAWN TERRY,** | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE:**     **RYAN and COLE, Circuit Judges; SARGUS, United States District Judge**[*]

**R. GUY COLE, JR., Circuit Judge.**  Appellant Andre Deshawn Terry pleaded guilty to being a felon in possession of a firearm.  He appeals the district court's denial of his motion to withdraw his guilty plea and his sentence under *United States v. Booker*, --- U.S. --- 124 S.Ct. 738 (2005).  For the following reasons, we **AFFIRM** Terry's conviction, **VACATE** Terry's sentence, and **REMAND** for resentencing.

**I.**

Terry was a suspect in a September 21, 2003, shooting in which he allegedly used a .38 caliber firearm.  On September 23, 2003, the Jackson, Tennessee Police Department was informed that Terry was hiding in an apartment.  The police made a forcible entry into the apartment and

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

found Terry hiding in a secret compartment in a closet. The officers found one 7.62 mm caliber rifle in the hiding compartment while apprehending Terry, and they found a second 7.62 mm caliber rifle, and corresponding ammunition, after obtaining a warrant to search the apartment.

On December 15, 2003, Terry was indicted for being a felon in possession of a firearm — the two rifles the police found in the apartment where Terry was hiding — in violation of 18 U.S.C. § 922(g). On May 10, 2004, Terry pleaded guilty as charged. During the change of plea colloquy, Terry admitted his guilt and acknowledged that he was satisfied with his attorney. Sentencing was originally set for August 6; on August 3 it was rescheduled to August 27. On August 25, 2004, Terry's attorney, Clayton Mayo, moved to withdraw as counsel. The district court granted Mayo's motion that day.

On August 31, 2004, Terry's current counsel, Danny Ellis, was appointed. On September 8, 2004, Terry filed a motion to withdraw his guilty plea. On September 16, 2004, the district court denied Terry's motion. On October 22, 2004, Terry was sentenced to 108 months imprisonment, 2 years supervised release, and a $100 special assessment.

**II.**

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003) (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)). "A district court abuses its discretion 'when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'" *Id.* (quoting *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998)).

When a defendant seeks to withdraw a guilty plea after the court has accepted the plea but before sentencing, a defendant must provide a "fair and just" reason for the withdrawal. Fed. R. Crim. P. 11(d)(2). In *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), this Court enumerated several factors a district court may assess in evaluating whether a defendant has established a "fair and just" reason for withdrawal, namely: 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence or absence of a valid reason for failure to move for withdrawal earlier in the proceeding; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. *Bashara*, 27 F.3d at 1180-81.

The amount of time between when Terry pleaded guilty and when he moved to withdraw his plea, 121 days, was excessive. The reason Terry claims that he did not move to withdraw his guilty plea earlier is because his counsel was inadequate and should have moved to withdraw the plea sooner. Terry has never asserted that he was innocent; rather, he has stated that his prior attorney should have moved to suppress the evidence of the firearms before allowing Terry to plead guilty. In his change-of-plea colloquy, Terry clearly admitted to the crime of being a felon in possession of a firearm and his satisfaction with Mayo's representation. Terry has not shown any circumstances underlying the guilty plea that would evidence a fair and just reason to allow him to withdraw the plea. Terry has extensive experience with the criminal justice system. Finally, it is irrelevant whether the United States would be prejudiced because Terry has not shown a fair and just reason

to allow his guilty plea to be withdrawn. *United States v. Triplett*, 828 F.2d 1195, 1198 (6th Cir. 1987).

An analysis of the *Bashara* factors clearly indicates that the district court did not abuse its discretion in refusing to allow Terry to withdraw his guilty plea. To the extent that Terry is arguing that he should be permitted to withdraw his guilty plea because he was inadequately represented by trial counsel, he should raise any such claims under 28 U.S.C. § 2255. *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). Accordingly, we **AFFIRM** the district court's denial of Terry's motion to withdraw his guilty plea.

### III.

In sentencing Terry, the district court treated the sentencing guidelines as mandatory. Therefore, as the Government concedes, remand for resentencing is proper. *Booker*, 125 S. Ct. at 766–69; *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005). Consequently, we **VACATE** Terry's sentence and **REMAND** for resentencing.

### IV.

For the foregoing reasons, we hereby **AFFIRM** the district court's denial of Terry's motion to withdraw his guilty plea, **VACATE** Terry's sentence, and **REMAND** for resentencing.