NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0355n.06

No. 08-5651

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 08, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KARL GENE KLICKNER, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MERRITT, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Karl Klickner appeals the district court's judgment sentencing him to 190 months' imprisonment following his guilty plea and conviction for receipt of child pornography. Klickner argues that the district court abused its discretion by refusing to allow him to withdraw his guilty plea and violated his Sixth Amendment rights by engaging in judicial fact-finding at sentencing. Finding no merit in Klickner's arguments, we affirm.

I.

A grand jury indicted Klickner on nine counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of attempting to distribute child pornography in violation of 18 U.S.C. § 2252(b)(1).

On the morning of trial, February 13, 2008, Klickner pled guilty (without a written agreement) to one count of receipt of child pornography. The court placed him under oath, established his competency, and accepted his guilty plea as knowing and voluntary. As part of the plea agreement, the government orally agreed to support a three-level reduction in Klickner's adjusted offense level for his acceptance of responsibility and not to object to a sentence at the low end of the applicable guidelines range. The court informed Klickner that his conviction carried a potential sentence of up to twenty years' imprisonment and that it would determine his ultimate sentence using the sentencing guidelines, taking into account the nature of his offense and his criminal history. The court also advised Klickner that his guilty plea remained binding even if the court selected a sentence more severe than he expected, and Klickner expressly indicated that he understood.

The presentence report (PSR) prepared by the probation office recommended applying a two-level enhancement pursuant to USSG § 2G2.2(b)(2) because the offense involved minors under the age of twelve, a five-level enhancement pursuant to § 2G2.2(b)(3)(C) because Klickner showed pornographic images to a fifteen year-old boy, and a four-level enhancement pursuant to USSG § 2G2.2(b)(4) because the images involved violent conduct. The PSR placed Klickner in criminal history category V based on seven prior convictions (three felonies and four misdemeanors) between 1989 and 2006. With a total offense level of 36 and a criminal history category V, the PSR suggested a guidelines range of 292 to 365 months, but the statutory maximum penalty capped Klickner's exposure at 240 months.

On April 21, 2008, Klickner moved to withdraw his guilty plea, claiming that he entered it expecting to receive a sentence of approximately 7-8 years, which he contends his counsel represented to him based on misleading input from the probation officer and the prosecution. Klickner maintains that when he pled guilty he was not informed of the potential sentencing enhancements the government intended to seek or of the impact of his criminal history would have on the guidelines calculation. The district court denied the motion.

At sentencing, Klickner objected to two of the enhancements, challenging the sufficiency of the supporting proof. The district court sustained his objection to the five-level enhancement, but found that the probation officer's description of the images supported applying the two-level enhancement for material involving children under twelve. Klickner did not object to the four-level enhancement for violent images. After resolving Klickner's objections, the court's guidelines calculation yielded a range of 168 to 210 months. Klickner requested a sentence at the low end of the range, and after considering the § 3553(a) factors, the court sentenced him to 190 months' imprisonment. This timely appeal followed.

## II.

We review the denial of a motion to withdraw a guilty plea under Federal Rule of Criminal Procedure 11(d) for abuse of discretion, *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007), reversing only if the district court "relies on clearly erroneous findings of fact, . . . improperly applies the law or uses an erroneous legal standard," *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir.

2003) (citing *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998)). The defendant bears the

burden of demonstrating appropriate grounds for granting a motion to withdraw a guilty plea. *Dixon*,

479 F.3d at 436 (citing *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

Federal Rule of Criminal Procedure 11(d) requires a defendant seeking to withdraw a guilty

plea prior to sentencing to "show a fair and just reason for requesting the withdrawal." Fed. R. Crim.

P. 11(d)(2)(B). This rule is designed "'to allow a hastily entered plea made with unsure heart and

confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait

several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'"

*United States v. Ellis*, 470 F.3d 275, 280–81 (6th Cir. 2006) (quoting *United States v. Alexander*, 948

F.2d 1002, 1004 (6th Cir. 1991)). We review a number of nonexclusive factors under Rule 11(d)'s

standard:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal
> earlier in the proceedings; (3) whether the defendant has asserted or maintained his
> innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the
> defendant's nature and background; (6) the degree to which the defendant has had
> prior experience with the criminal justice system; and (7) potential prejudice to the
> government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *abrogated on other grounds by statute*

*as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). The relevance

of each factor "var[ies] according to the 'circumstances surrounding the original entrance of the plea

as well as the motion to withdraw.'" *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (quoting *Triplett*, 828 F.2d at 1197).

Klickner argues that he maintained his innocence throughout the proceedings, and that his guilty plea was predicated on erroneous representations concerning the length of his sentence. As a consequence, he asserts, his plea was not entered knowingly and voluntarily, and therefore the district court abused its discretion in refusing to allow him to withdraw it. We disagree.

Although the probation officer discussed general guidelines ranges with Klickner and his counsel, the government never agreed to any specific range, but only agreed not to object to a sentence at the low end of the guidelines range, whatever the range turned out to be. At the time of these discussions, the probation office had not yet prepared Klickner's PSR, which, as it turned out, placed Klickner in criminal history category V and, as a result, drastically increased his applicable guidelines range. When he entered his plea, the district court expressly informed Klickner that he faced up to twenty years in prison and that the court would use the sentencing guidelines—which took into account the nature of his offense and his criminal history—to determine his sentence. Klickner indicated he understood and wished to go forward with his plea. And when asked whether he was satisfied with his counsel's performance and the amount of time he received to consult with both his attorney and his wife, he responded in the affirmative. Thus, we reject Klickner's efforts to characterize his guilty plea as anything but knowing and voluntary.

The record belies Klickner's assertion that he maintained his innocence throughout the proceedings. At the plea hearing, Klickner readily acknowledged his guilt. Then, from the date of his plea until he received his presentence report, he remained completely silent. Only after learning that his extensive criminal past placed him in category V did he seek to withdraw his plea—sixty-eight days after pleading guilty. Klickner fails to offer a legitimate explanation for the delay, and we have upheld denials in reliance on much shorter unjustified delays between the entry of a guilty plea and a motion to withdraw. *See Dixon*, 479 F.3d at 436 (collecting cases and noting that the court has upheld denials in reliance on delays as short as thirty-five days). Moreover, Klickner's criminal history—which includes three felony convictions—evinces considerable familiarity with the criminal justice system, and thus weighs against allowing him to withdraw his guilty plea. Because the relevant factors weigh against allowing Klickner to withdraw his guilty plea, we discern no abuse of discretion in the district court's denial of his motion.

And we swiftly dispense with Klickner's second argument—that judicial fact-finding at sentencing violated his Sixth Amendment rights—which our precedents clearly foreclose. *See, e.g., United States v. Sexton*, 512 F.3d 326, 329–30 (6th Cir. 2008) (district court did not violate defendants' Sixth Amendment rights by making factual findings by a preponderance of the evidence in determining sentencing ranges). The description of the images contained in the PSR—which Klickner did nothing to refute—supported the court's preponderance-based factual finding that resulted in its application of the enhancement. *See United States v. Geerken*, 506 F.3d 461, 467 (6th

No. 08-5651
*United States v. Klickner*

Cir. 2007) ("When a defendant fails to produce any evidence to contradict facts set forth in the PSR,

a district court is entitled to rely on those facts when sentencing the defendant.").

III.

For these reasons, we affirm.